ROMERO, DEMANDANTE Y APELANTE, *v.* CALDERÓN, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Segunda, en causa sobre desahucio: apertura de rebeldía.

No. 1440.—Resuelto en mayo 5, 1916.[1]

DESAHUCIO—APERTURA DE REBELDÍA—SENTENCIA—DISCRECIÓN JUDICIAL—ABUSO DE DISCRECIÓN—NEGLIGENCIA INEXCUSABLE.—En este caso el demandado fué emplazado personalmente de la demanda y, no habiendo comparecido, se dictó sentencia en su contra decretando el desahucio. Por no haber desalojado la finca dentro del término ordenado, se expidió mandamiento al márshal, constando de su diligenciamiento que, por convenio de las partes, se concedieron quince días más al demandado para que efectuara el desalojo de la finca, y no habiéndolo verificado, fué lanzado de ella, dándose posesión al demandante. Más tarde el demandado, por medio de moción, solicitó se dejara sin efecto la sentencia fundándose en que al emplazársele entregó sus documentos a persona a quien creía un abogado para que lo defendiera, y en que tenía una buena defensa, por no ser la propiedad de que se trata del demandante y sí de él. La corte *a quo* declaró con lugar la moción y dejó sin efecto su sentencia. En apelación se resolvió que no era excusable la negligencia del demandado y que la corte inferior no tuvo verdadera base para el ejercicio de su discreción, siendo revocada la resolución apelada.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Adrián Agosto.*

Abogado del apelado: *Sr. L. Santiago Carmona.*

---

[1] En mayo 11, 1916, denegada la reconsideración.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Se trata en este caso de resolver si un juez de distrito abusó o no de su discreción al anular cierta sentencia de desahucio pronunciada por el mismo.

El 28 de julio de 1915 Julio Romero Negrón archivó en la Corte de Distrito de San Juan, Sección 2ª., una demanda de desahucio contra Asunción Calderón. En ella se alegó que el demandante era dueño de cierta finca rústica de catorce cuerdas que adquirió en pública subasta celebrada en la ejecución de cierta sentencia dictada contra el dicho Calderón y que la indicada finca estaba ocupada por el demandado contra la voluntad del demandante, sin pagar merced alguna.

El 19 de julio se emplazó personalmente al demandado citándolo para la comparecencia que prescribe la ley especial sobre la materia, con el apercibimiento de que si no comparecía se dictaría sentencia sin más citarlo ni oirlo. El 23 de julio, o sea en la fecha expresada en la citación, se celebró la comparecencia sin que asistiera el demandado y la corte dictó sentencia decretando el desahucio y ordenando al demandado que dentro del término de veinte días desalojara la finca, apercibido de lanzamiento si no lo verificaba. El 24 de julio el secretario de la corte notificó la sentencia al demandado. El 4 de octubre de 1915 el demandante presentó una moción a la corte pidiendo el lanzamiento del demandado por no haber desalojado la finca dentro del plazo que se le concediera y la corte así lo ordenó. Se expidió el mandamiento. Su "certificado de diligenciamiento," copiado a la letra, es como sigue:

"CERTIFICO: que en cumplimiento de la anterior orden me trasladé el día 11 de octubre de 1915 al pueblo de Toa Alta y de allí al barrio de Galateo, del término municipal del expresado pueblo, a la finca objeto de esta orden y requiriendo al demandado Asunción Calderón el cual estaba en la casa de la ya mencionada finca dispuse a nombre de la corte que desalojase la finca entregándosela al demandante en este caso D. Julio Romero.

"El Sr. Calderón solicitó 15 días para desalojar la finca y la

casa, la parte demandante o sea Julio Romero, le concedió ese tiempo en presencia del márshal a condición de que sólo pudiera vivir la casa sin utilizar la finca para nada retirando el ganado que en ella hubiera, el Sr. Calderón quedó conforme en así hacerlo.  El márshal que suscribe dió la conformidad a lo convenido entre ambas partes indicándole al Señor Calderón que si en el plazo indicado por el Señor Romero no desalojaba la casa entonces iría en persona a lanzarlo de la casa y de la finca.  Que cumplido el plazo el demandado no desalojó la casa y el demandante requirió al márshal para que cumplimentase la orden que en su poder tenía desde fecha anterior. Que de nuevo el márshal se trasladó al citado barrio y en la citada finca, el día dos de noviembre de 1915 y desalojó al demandado Asunción Calderón dándole posesión de la finca tantas veces mencionada al Señor Julio Romero, a quien le entregué la casa y la propiedad bajo las colindancias que se describen en la orden anterior.  San Juan, P. R., Nov. 2 de 1915.  Ramón Martínez Reyes, Márshal del Distrito.''

Así las cosas, el 5 de noviembre de 1915, el demandado, por medio de su abogado Santiago Carmona, presentó a la corte una moción para que se dejara sin efecto la sentencia que, también copiada a la letra, en lo pertinente, dice así:

''1. Que fué emplazado para comparecer ante esta corte el día 19 de julio de 1915.  Que inmediatamente después de emplazado vino a Bayamón y entregó todos los documentos de este asunto a Don José de J. Pesquera, a quien también había encargado para defenderlo en el caso en cobro de dólares que originó esta acción.  Y regresó a su casa de Toa Alta, en la firme creencia que Don J. Pesquera había de contestar la demanda, creyendo firmemente este demandado que Don José de J. Pesquera podía hacerlo, por haberle manifestado dicho señor que él se ocuparía de defenderlo, habiéndole entregado ya una cantidad de dinero para tal efecto.

''2. Que se hallaba tranquilamente disfrutando de su finca de Toa Alta, cuando fué desahuciado el día 3 de noviembre de 1915 por el márshal de esta corte por haber dictado ésta, sentencia en rebeldía contra este demandado.

''Que este demandado ha hecho todas las diligencias posibles para defenderse y desea defenderse, teniendo una meritoria defensa en este caso, por no ser la finca de que se trata propiedad de Julio Romero y sí del demandado, habiendo consultado con su abogado Don L. Santiago Carmona y recibiendo de éste la información de que tenía una buena defensa, siendo así que este demandado consiguió

que la Corte Municipal de Bayamón, anulara la rebeldía anotada y permitiera a este demandado defenderse en la acción en cobro de dólares. que originó la venta en pública subasta de la finca de que se trata en este desahucio, siendo nulos todos los actos posteriores a tal sentencia en rebeldía y nula la venta que hizo el márshal de aquella corte para satisfacer aquella sentencia declarada nula por la corte que la dictó.

"Y en tal virtud, siendo absolutamente de justicia, por la equivocación sufrida y la negligencia excusable de este demandado a la corte suplica, se sirva dejar sin efecto la sentencia de desahucio dictada en este caso y se permita a esta parte contestar la demanda.

"Yo, L. Santiago Carmona, mayor de edad, abogado, vecino de Bayamón, juro solemnemente que los hechos establecidos en esta moción son ciertos y verdaderos y me constan unos de propio conocimiento y otros por información y creencia y en cuanto a éstos creo firmemente que son ciertos y verdaderos. Bayamón, para San Juan, noviembre 5 de 1915. Y la parte no jura estos hechos, por encontrarse ausente de esta ciudad. L. Santiago Carmona, abogado del demandado.

"Jurada y suscrita ante mí hoy día 5 de noviembre de 1915, conozco al que jura que es mayor de edad, abogado y vecino de Bayamón. (Fdo.) Quintín Negrón Sanjurjo, secretario. Notificado con copia hoy día 5 noviembre, 1915. A. Agosto, abogado del demandante."

El seis de diciembre de 1915 se celebró la vista de la moción transcrita. El demandante por su abogado se opuso a lo pedido, presentando además una petición escrita solicitando que se eliminara la moción del demandado.

Luego aparece en los autos una moción del demandado de 15 de diciembre de 1915 pidiendo a la corte que le admitiera un escrito de contestación. La moción no se notificó a la parte contraria y la contestación no está jurada.

Por último, el 18 de diciembre de 1915, la corte decidió el caso de la siguiente manera: "Considerando suficientes las razones en que se funda esta moción se declara la misma con lugar, y al efecto se deja sin efecto la sentencia de desahucio dictada en el caso por esta corte abriéndose la rebeldía dentro del mismo y permitiéndose la contestación a la demanda." Y contra esa resolución de la corte, el deman-

dante interpuso el presente recurso de apelación, cuya vista se celebró con la sola comparecencia del abogado de la parte apelante.

Hemos narrado con alguna extensión los hechos porque a nuestro juicio basta exponerlos simplemente para concluir que no justifican la acción tomada por la corte al anular la sentencia que meses antes dictara y que ya se había ejecutado totalmente cuando la petición de anulación se hizo.

El juramento de la solicitud es claramente defectuoso, como alegó el demandante en la corte inferior y ante este Tribunal Supremo, pero prescindiendo de tales defectos y partiendo de la base más favorable al demandado, esto es, aceptando sin resolverlo que sea aplicable el artículo 140 del Código de Enjuiciamiento Civil, las circunstancias alegadas por el demandado no demuestran que su negligencia fuera excusable. El no fué emplazado por edictos, sino personalmente, y no obstante habérsele advertido en la citación que se dictaría sentencia en contra suya sin más citarlo ni oirlo si dejaba de comparecer, se limitó a encomendar la defensa de sus intereses a una persona a quien llama unas veces José de J. Pesquera y otras J. Pesquera sin que se alegue ni conste que tal persona sea un abogado admitido a ejercer su profesión en esta isla. (En la lista de abogados admitidos a ejercer en Puerto Rico sólo figuran dos de apellido Pesquera, a saber: José L. Pesquera y Ramón S. Pesquera.) Pero es más. La sentencia se dictó el 23 de julio y se notificó al demandado el 24 del mismo mes sin que el demandado hiciera gestión alguna. El márshal que verificó el lanzamiento certifica que el 11 de octubre de 1915 se constituyó en la finca de que se trata y al requerir al demandado para que la desalojara, el demandado solicitó quince días que el demandante que se hallaba presente le concedió a condición de que sólo pudiera vivir la casa sin utilizar la finca, condición que aceptó el demandado Calderón. Nada gestionó el demandado dentro de ese término de quince días. Sólo después de haber sido lanzado de la finca, esto es, cuando

ya se había cumplido totalmente la sentencia, es que acude a la corte pidiendo que la sentencia se deje sin efecto.

Bajo tales circunstancias, repetimos, no es posible concluir que la negligencia del demandado fuera excusable. La corte de distrito no tuvo pues una verdadera base para el ejercicio de su discreción y su resolución debe ser revocada por esta Corte Suprema.

*Revocada la orden apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.